UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON D. COLLINS,

    Plaintiff,

v.

FREDEANE ARTIS, *et al.*,

    Defendants.

Case No. 23-12570
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

**ORDER DENYING AS MOOT DEFENDANT BERRYMAN'S MOTION TO HOLD INDIVIDUALS IN CONTEMPT (ECF NO. 26) AND DENYING PLAINTIFF'S MOTION TO FILE A SUR-REPLY (ECF NO. 27)**

Plaintiff Brandon D. Collins, a prisoner proceeding pro se and in forma pauperis, sues Michigan Department of Corrections (MDOC) employees and two inmates under 42 U.S.C. § 1983, alleging that they hindered his ability to practice his religion. ECF No. 1. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

Defendant Philip Berryman moves to hold "F. Artis and J. France" in contempt for impeding his access to the courts. ECF No. 26. But Artis was dismissed from this action in February 2024, and France was never a party to it. *See* ECF No. 6; ECF No. 12. Besides, the Court has recommended

that the claims against Berryman be sua sponte dismissed.  ECF No. 18.  Because of this recommendation, the Court **DENIES AS MOOT** Berryman's pending motion for contempt.  ECF No. 26.

Collins also moves for more time to file a response to defendants' reply to their motion for summary judgment, stating that he has limited access to the law library and needs to "study the court rules to clarify whether [he] can even file a response."  ECF No. 27, PageID.340.  The Court will clarify the rules for Collins.

The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply.  *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1.  Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence."  *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012).  Thus, the party wishing to file a sur-reply must file a motion for leave that sets forth "good cause."  *NCMIC Ins. Co. v. Smith*, 375 F. Supp. 3d 831, 835 (S.D. Ohio 2019).

Here, Collins has not argued that defendants' reply raised new legal arguments or new evidence, and thus has not shown good cause for filing

2

a sur-reply. As such, the Court **DENIES** Collins' motion for more time to file a sur-reply (ECF No. 27).

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: July 9, 2024

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 9, 2024.

s/Donald Peruski  
DONALD PERUSKI  
Case Manager