UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON COLLINS

      Plaintiff,

v.

                                Case No. 23-cv-12570
                                Honorable Linda V. Parker

FREDEANE ARTIS, *et al.*,

      Defendants.
_____,

**<u>OPINION AND ORDER (1) DENYING PLAINTIFF'S OBJECTIONS TO THE MAY 29, 2024, REPORT AND RECOMMENDATION (ECF No. 28); (2) ADOPTING THE MAY 29, 2024 (ECF No. 18), JUNE 5, 2024 (ECF No. 21), AND OCTOBER 8, 2024 (ECF No. 32), REPORTS AND RECOMMENDATIONS; (3) DISMISSING BERRYMAN AND BOUSSUM WITH PREJUDICE; (4) DENYING BERRYMAN'S MOTION FOR SUMMARY JUDGMENT AS MOOT (ECF No. 20); (5) GRANTING IN PART AND DENYING IN PART MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 15); (6) DISMISSING DEMERS, HUNDLEY, AND SMITH WITHOUT PREJUDICE; AND (7) AFFIRMING JUDGE STAFFORD'S DENIAL OF MOTION TO FILE SUR-REPLY (ECF No. 27)</u>**

On October 11, 2023, a prisoner proceeding *pro se* and *in forma pauperis*, sued Michigan Department of Corrections (MDOC) employees and two inmates under 42 U.S.C. § 1983, alleging that they hindered his ability to practice his religion. (ECF No. 1) The matter has been referred to Magistrate Judge Stafford for all pretrial proceedings, including a hearing and determination of all non-

dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 8.)

This matter is presently before the Court on three Reports and Recommendations (R&R) by Judge Stafford.  The first R&R is dated May 29, 2024, ("May 29 R&R") and recommends sua sponte dismissal of defendants Berryman and Boussum.  (ECF No. 18)  The second R&R is dated June 5, 2024, ("June 5 R&R") and recommends denying Berryman's motion for summary judgment as moot.  (ECF No. 20, 21)  The third R&R is dated October 8, 2024, ("October 8 R&R") and recommends granting in part and denying in part the MDOC defendants' motion for summary judgment on the basis of failure to exhaust.  (ECF No. 15)  At the conclusion of each R&R, Magistrate Judge Stafford informed the parties that they must file any objections to the R&Rs within fourteen days.  (ECF No. 18, 21)  Collins filed objections to the May 29 R&R in a filing dated June 24, 2024, which was filed with the clerk's office on July 3, 2024.  (ECF No. 28)  No objections were filed to either the June 5 R&R or October 8 R&R.

Collins has also raised an objection to a non-dispositive ruling.  On July 9, 2024, Judge Stafford denied Collins' motion to file a sur-reply brief to the MDOC defendants' reply regarding their motion for summary judgment.  (ECF Nos. 27, 29)  Collins objected to Judge Stafford's order on July 22, 2024.  (ECF No. 31)

I.      **Objections to Denial of Motion to File Sur-Reply Brief (ECF No. 31)**

A party may object to a magistrate judge's non-dispositive orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that the magistrate judge's ruling is "clearly erroneous" or "contrary to law." *Id.* The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g., Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 33 U.S. 364, 395 (1948). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

The Court has reviewed Collins' objections to Magistrate Judge Stafford's decision denying his motion to file a sur-reply and is not convinced that the ruling is clearly erroneous or contrary to law. (ECF No. 31) Judge Stafford concluded that Collins failed to set forth "good cause" for filing a sur-reply in his motion as he did not identify new legal arguments or new evidence presented in defendants'

reply. (ECF No. 29) The Court agrees. The arguments Collins identifies in his objection to the July 9, 2024, order were not raised for the first time in the defendants' reply. (ECF No. 31) They are merely defendants' responses to arguments which Collins himself raised in his response to the defendants' motion for summary judgment. (ECF No. 24) Therefore, this Court affirms Magistrate Judge Stafford's decision denying Collins' motion to file a sur-reply. (ECF No. 29)

## II.   Objections to the May 29 R&R (ECF No. 28)

When objections are filed to a magistrate judge's report and recommendation on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the report and recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Collins' objections appear to be untimely. (See ECF No. 28 (dated June 25, 2024, and filed July 3, 2024)) However, the Court has nevertheless made a *de novo* review of those portions of the R&R to which Collins objects and reaches the same conclusions as Magistrate Judge Stafford. The Court therefore adopts Magistrate Judge Stafford's May 29 R&R.

Collins objects to Judge Stafford's application of the nexus and public function tests. (ECF No. 28, PageId.346, 349) He argues that Bossum's role as a Housing Unit Representative and Religious Group Assistant meant he had a sufficiently close relationship to the state to satisfy the nexus test. (ECF No. 28, PageID.346) Further, Collins argues that Berryman and Boussum acted with state power to deny his religious accommodation, and that this satisfies the public function test. (ECF No. 28 at PageID.349) However, Collins raised neither of these claims nor the factual bases for them in his complaint. (ECF No. 1)

Issues raised for the first time in objections to [a] magistrate judge's report and recommendation are deemed waived[.]" *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (collecting cases reaching this holding)); *Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 959 (6th Cir. 2018) (citing *Marshall* and *Waters* and finding argument waived when not raised before the magistrate judge). As neither Collins'

allegations nor their factual bases were present in his complaint, the Court denies Collins' first two objections and concurs with Judge Stafford's determination.

Collins' final objection is to the application of the compulsion test. (ECF No. 28 at PageID.349-350). Although Collins' objection again alleges cooperation between the corrections officials, Berryman, and Boussum, he does not rebut Judge Stafford's conclusion that Berryman and Boussum acted of their own volition and without the power of the state. The Court agrees with Judge Stafford's finding that Berryman and Boussum committed no act because of state compulsion. (ECF No. 18 at PageID.200-201) As such, the Court rejects Collins' objections and adopts the May 29 R&R in full.

As aptly put by Judge Stafford, "while Collins states a plausible claim that corrections officials violated his First Amendment rights by denying him a religious accommodation, he states no viable claim against his fellow prisoners, Berryman and Boussum." (ECF No. 18, PageID.202) This order does not close this case and Collins may still pursue his claims against the MDOC defendants.

### III. June 5, 2024 (ECF No. 21) and October 8, 2024 (ECF No. 32), R&Rs

The Court has carefully reviewed the June 5 R&R and concurs with the conclusions reached by Magistrate Judge Stafford. Neither party filed objections to the R&R. The Court therefore adopts the June 5 R&R.

The Court has also carefully reviewed the October 8 R&R and concurs with the conclusions reached by Magistrate Judge Stafford. Demers, Hundley, and Smith were not mentioned in Collins' grievance and as such, the claims against these defendants are not exhausted. (ECF No. 32, PageID.417) However, Collins did exhaust his claims against Tubbs, Denison, Wells, Jenkins, and Love. As such, his claims against those defendants may proceed. Neither party filed objections to the R&R. The Court therefore adopts the October 8 R&R. Accordingly,

**IT IS ORDERED** that the Court **REJECTS** Plaintiff's objections (ECF No. 28) and **ADOPTS** Magistrate Judge Stafford's May 29, 2024, June 5, 2024, and October 8, 2024, Reports and Recommendations (ECF Nos. 18, 21, 32);

**IT IS FURTHER ORDERED** that the remaining claims against Berryman and Bousum are **DISMISSED WITH PREJUDICE** and that Berryman's motion for summary judgment (ECF No. 20) is **DISMISSED AS MOOT**;

**IT IS FURTHER ORDERED** that the MDOC's motion to dismiss is **GRANTED IN PART AND DENIED IN PART** (ECF No. 15). The claims against Demers, Hundley, and Smith are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust. However, Collins has exhausted his claims against Tubbs, Denison, Wells, Jenkins, and Love and claims against those defendants may proceed;

**IT IS FURTHER ORDERED** that Judge Stafford's order denying plaintiff's motion to file a sur-reply (ECF No. 29) is **AFFIRMED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: November 19, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 19, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager