UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRANDON D. COLLINS,<br><br>                 Plaintiff,<br><br>v.<br><br>WOODS, *et al.*,<br><br>                 Defendants. | Case No. 23-12570<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

# ORDER DENYING
# MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE
# (ECF NO. 49)

Plaintiff Brandon D. Collins brings this prisoner civil rights case under 42 U.S.C. § 1983, proceeding pro se, alleging that various MDOC officials interfered with his use of a kosher-adherent microwave in April 2023. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 8.

Collins moves for appointment of counsel. ECF No. 49. Under 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a district court is vested with broad discretion in determining whether to

1

appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right.  *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993).  Appointment of counsel under § 1915(e)(1) is rare because "there are no funds appropriated to pay a lawyer or to even reimburse a lawyer's expense." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007).  Thus, courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances."  *Lavado,* 992 F.2d at 606.  To determine whether "exceptional circumstances" exist, the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*

Because of the consideration addressing the plaintiff's likelihood of success, "[a]ppointment of counsel is almost always denied prior to the exhaustion of dispositive motions." *Dixon v. Kraft*, No. CV 16-14439, 2017 WL 11490775, at *1 (E.D. Mich. Mar. 14, 2017), objections overruled, No. 16-14439, 2017 WL 11490776 (E.D. Mich. May 5, 2017).  In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided.

Having reviewed the complaint, case filings to this point, and his motion, the Court finds that Collins has not shown that exceptional

circumstances warrant the appointment of counsel at this time. And it is too early to assess the likelihood of success of his remaining (administratively exhausted) claims because they have yet to be tested by a dispositive motion under Federal Rules of Civil Procedure 12(b)(6) or 56. Thus, Collins's motion to appoint counsel, ECF No. 49, is **DENIED WITHOUT PREJUDICE.**

    **IT IS SO ORDERED.**

Dated: September 18, 2025

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 18, 2025.

                                  s/Davon Allen
                                  DAVON ALLEN
                                  Case Manager