UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON COLLINS,

Plaintiff,

Case No. 23-cv-12570
Honorable Linda V. Parker
Magistrate Judge Elizabeth A Stafford

v.

FREDEANE ARTIS et al.,

Defendants.
_____________________________/

**OPINION AND ORDER REJECTING DEFENDANTS' OBJECTIONS (ECF NO. 62) AND ADOPTING MAGISTRATE JUDGE STAFFORD'S JULY 24, 2026 REPORT AND RECOMMENDATION (ECF NO. 61)**

Pro se Plaintiff Brandon Collins initiated this Section 1983 action on October 11, 2023. (ECF No. 1.) Plaintiff is currently incarcerated in the Michigan Department of Corrections ("MDOC") and identifies as a Hebrew Israelite, which is a religious sect of Judaism. In his complaint, Plaintiff alleges that employees of MDOC denied him access to a "kosher microwave" during Passover while white Orthodox Jewish inmates were granted access. Plaintiff alleges that these actions constitute violations of his First Amendment and Fourteenth Amendment rights. (ECF No. 36, PageID.441.)

The matter has been referred to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings, including a hearing and determination of all non-

dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 8.) On January 14, 2026, the remaining Defendants[1]—Denison, Jenkins, Love, Rukenbrod, Tubbs, Wells, and Woods—filed a joint motion for summary judgment. (ECF No. 54.) On January 21, 2026, Plaintiff also filed a motion for summary judgment. (ECF No. 56.) The motions are fully briefed. (ECF Nos. 57-60.)

On July 24, 2026, Magistrate Judge Stafford issued a Report and Recommendation ("R&R") in which she recommends that this Court (1) deny Plaintiff's motion for summary judgement and (2) grant in part and deny in part Defendants' motion for summary judgment. (ECF No. 61.) Specifically, Judge Stafford finds that Plaintiff failed to offer sufficient evidence to demonstrate that Defendants Denison, Jenkins, Love, and Tubbs violated Plaintiff's constitutional rights through their own individual actions. (ECF No. 61, PageID.801-04.) However, she determined that genuine questions of material fact exist as to whether Defendants Rukenbrod, Wells, and Woods violated Plaintiff's constitutional rights.[2] (*Id.* at PageID.804-812.) At the end of the R&R, Magistrate

[1] Several Defendants, including the named Defendant, have been terminated over the course of the litigation.

[2] Magistrate Judge Stafford recommended that this Court grant summary judgment in Defendants Rukenbrod, Wells, and Wood's favor regarding Plaintiff's Free Exercise Clause claim and Substantive Due Process claim. (ECF No. 61, PageID.806-809, 811-812.) No objections were

Judge Stafford informs the parties that they must file any objections within fourteen days. (*Id.* at PageID.813.) Defendants filed objections on August 7, 2026. (ECF No. 62.) Plaintiff Collins did not file any objections within the fourteen-day period, and as of August 13, 2026, no objections have been filed.

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty

filed by either party regarding these recommendations. As a result, this leaves only Plaintiff's Establishment Clause claim under the First Amendment and Equal Protection Clause claim under the Fourteenth Amendment.

to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Defendants present only one objection to Judge Stafford's R&R. (ECF No. 62, PageID.818.) They allege that Judge Stafford erred in denying their motion for summary judgement as to Defendant Woods, and that Judge Stafford improperly grouped Defendant Woods in with Defendant Rukenbrod and Defendant Wells in her recommendation. They also allege that Plaintiff failed to present any evidence demonstrating that Defendant Woods, through *his* individual actions, violated Plaintiff's constitutional rights. (*Id.* at 816-20.)

The Court disagrees. Upon reviewing the cross motions for summary judgment, the response briefs, and other relevant materials in the record, the Court finds that the record contains genuine issues of material fact regarding Defendant Woods involvement in Plaintiff's alleged constitutional violations.

Beginning with the motions for summary judgment, Plaintiff mentions Woods on the second page of his motion brief:

> [O]n April 8 2023, Plaintiff was initially given access to the microwave[.] Inmate Berryman complained to Defendant Wells that Plaintiff should not be permitted to use the microwave. Inmate Berryman said that the microwave was only for "white Orthodox Jews, i.e. Berryman and Boussum. [ . . .] Plaintiff requested that a supervisor weigh in on the dispute. Defendant Lieutenant Woods sided with Defendant Wells and denied Plaintiff access to the microwave. But both staff members continued to allow Berryman and Boussum to use it.

(ECF No. 56, PageID.693.)

Plaintiff's amended complaint[3] provides additional details about the April 8, 2023, encounter:

> Collins . . . requested that Defendant Wells summon a supervisor, and Defendant Lieutenant Woods responded and came to [the] Franklin Unit. Once arriving, Plaintiff Collins explained to Defendant Woods that he was a Hebrew Israelite Jew and showed Defendant Woods documentation from MDOC administrators designating and approving him to practice as a Hebrew Israelite. This documentation proved [that] Collins is to be afforded and receive all the accommodations afforded to other Jews within the custody of the MDOC, including but not limited to, the observation of Passover and Kosher meal preparation and conception[.]
>
> At noon lunch, Defendant Woods received and verified the Administration's approval of Plaintiff but sided with Defendant Wells and Defendants Berryman and Boussum and refused to recognize Collins as having the right to freely exercise his religious faith. Instead, Defendant Woods continued to allow Plaintiff Collins to be denied [sic] his request to use the designated kosher meal microwave. He stated that he would look into it and get back to Collins on the matter, but for the time being the request to use the microwave was denied. Defendant Woods never got back with Collins or corrected the discriminatory behavior[.]
>
> (ECF No. 36, PageID.451-52.)

In Defendants' motion for summary judgement, they acknowledge that Defendant Woods denied Plaintiff access to the microwave on April 8 but allege that Woods denied use "for all prisoners, not just Collins, until he received further clarification,[4] as he did not have proper education regarding religious meals and

[3] Federal Rule of Civil Procedure 56(c)(3) provides that, in deciding a motion for summary judgment, "[t]he court need consider only the cited materials, [though] it may consider other materials in the record."

[4] In his affidavit, Defendant Woods also states that while awaiting clarification from the Chaplin, he "removed the sign on the 'kosher meal microwave'" and from that point, "all prisoners were denied use of it. (ECF No. 54-3, PageID.652.)

practices." (ECF No. 54, PageID.604-05.) They also cite an exhibit and affidavit provided by Defendant Woods, where he is shown emailing the facility's Chaplin about the conflict. (ECF No. 54-3, PageID.656.)

Plaintiff presents a different set of facts. He alleges that Inmates Berryman and Boussum "were allowed access to the microwave after this initial incident and that the two inmates were allowed to write their names under a MDOC memorandum that provided notice that the kosher microwave was solely to be used by Inmate Berryman and Boussum. (ECF No. 56, PageID.693; ECF No. 36, PageID.452 (citing exhibits attached to original complaint, ECF No. 1, PageID.42-44.) Plaintiff also provides several affidavits from witnesses wherein they testify that they witnessed Inmate Berryman and Inmate Boussum using the microwave without issue both before and after the April 8, 2023, incident. (*See* ECF No. 56, PageID.713-17.)

Taken together, it becomes clear that Magistrate Judge Stafford did not err in denying Defendants' motion for summary judgement as to Defendant Woods. Materials in the record reveal that a genuine question of material fact exists as to whether Defendant Woods violated Plaintiff's constitutional rights through his individual actions. Defendant Woods acknowledges in his affidavit that, at some point, he removed the kosher sign from the microwave and denied Plaintiff's use of it. (ECF No. 54-3, PageID.652.) Woods argues that all inmates were denied

access, yet, Plaintiff has provided evidence suggesting that the other inmates continued to use the kosher microwave without issue. In short, all three inmates subscribe to some variation of Judaism, but an issue remains as to whether only Plaintiff was denied access after voicing his concern to Defendant Woods.

For these reasons, the Court rejects Defendants' objection and adopts Judge Stafford's report and recommendation in full.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgement is **DENIED**. (ECF No. 56.)

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgement (ECF No. 54) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** for Defendants Denison, Jenkins, Love, and Tubbs, and it is **DENIED** as to Plaintiff's remaining claims against Defendants Rukenbrod, Wells and Woods.

**SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT COURT JUDGE

Date: August 17, 2026