UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON COLLINS,

Plaintiff,

v.

Case No. 23-cv-12570
Honorable Linda V. Parker

FREDEANE ARTIS, et al.,

Defendants.

---

**OPINION AND ORDER CONDITIONALLY GRANTING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**

Pro se Plaintiff Brandon Collins initiated this 42 U.S.C. § 1983 action against several Defendants on October 11, 2023. (ECF No. 1.) He was granted leave to proceed without prepaying of the filing fee pursuant to 28 U.S.C. § 1915. (ECF No. 5.)

Plaintiff is currently incarcerated in the Michigan Department of Corrections ("MDOC") and identifies as a Hebrew Israelite, which is a religious sect of Judaism. In his Complaint, Plaintiff alleges that employees of MDOC denied him access to a "kosher microwave" during Passover while white Orthodox Jewish inmates were granted access. Plaintiff alleges that these actions constitute violations of his First Amendment and Fourteenth Amendment rights. (ECF No. 36, PageID.441.)

At this stage of the proceedings—after the deadline for the filing of dispositive motions and the conclusion of the Court's ruling on any motions filed—what remains to be litigated are Plaintiff's Establishment Clause and Equal Protection Clause claims against Defendants Della Rukenbrod, Dominic Wells, and William Woods. The Court has found genuine issues of material fact with respect to those claims, which must be presented to a jury. The remaining claims and Defendants have been dismissed.

Plaintiff has moved for the appointment of counsel. (ECF No. 65.) In the motion, Plaintiff indicates that he is unable to afford counsel, contends the issues presented are complex, that he has limited access to the prison law library and knowledge of the law, and has no way of timely and reliably communicating with his witnesses.

Under 28 U.S.C § 1915, "[t]he court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Although a district court has broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right. *Levado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). When considering whether to appoint counsel, a court should consider the type of case, complexity of the facts and legal issues, the litigant's ability to represent themselves, and whether the claims presented are frivolous or have a small likelihood of success. *Id.* at 606.

Here, the Court finds that appointment of counsel at this stage of the proceedings is warranted. Plaintiff's Establishment Clause and Equal Protection Clause claims have survived as to some of the defendants, suggesting a reasonable chance of success on the merits if properly litigated. Accordingly, the Court will refer this matter to the Court's pro bono program for the appointment of counsel. If counsel cannot be obtained, Plaintiff will be required to continue to represent himself.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for the appointment of counsel (ECF No. 65) is **CONDITIONALLY GRANTED** and the Court refers the matter to the pro bono program for the appointment of counsel.

**IT IS FURTHER ORDERED** that this matter is **STAYED** until either (1) pro bono counsel files an appearance, or (2) 90 days from the date of this order, whichever is earlier. If pro bono counsel cannot be obtained, the Court will lift the stay, and Plaintiff will proceed pro se.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 23, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 23, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager